IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Earl Tyrone Pollard,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | No. CV-05-3115-PHX-ROS (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Petitioner's Amended Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. § 2254. (docket # 5) Respondents filed an Answer to the Petition asserting that it is untimely and that Petitioner's claims are procedurally defaulted (docket # 14) to which Petitioner has replied (docket # 21).

**PROCEDURAL BACKGROUND**

On September 14, 2000, Petitioner was indicted on one count of burglary in the first degree, a class 2 dangerous felony (Count 1), one count of armed robbery, a class 2 dangerous felony (Count 2), one count of aggravated assault, a class 2 felony and dangerous crime against children (Count 3), and one count of aggravated assault, a class 3 dangerous felony (Count 4). (Respondents' Exh. A) Following a jury trial[1], Petitioner was found guilty of Counts 1, 2, and 4, and not guilty of Count 3. (Respondents' Exh. B) On October 12, 2001, the trial court sentenced Petitioner as follows: Count 1 - 21 years imprisonment (aggravated); Count 2 - 21 years imprisonment (aggravated); Count 4 - 7.5 years (presumptive). (Respondents' Exh. C)

---

[1] The Honorable Barbara M. Jarrett presided.

The court ordered that the sentences on Counts 1 and 2 run concurrently and that the sentence on Count 4 run consecutive to the sentence on Counts 1 and 2. (Respondents' Exh. C)

On October 22, 2001, Petitioner filed a notice of appeal. (Respondents' Exh. D) On January 8, 2002, Petitioner filed an opening brief raising one issue: that he was denied his right to self-representation and allocution at sentencing. (Respondents' Exh. E)  On July 23, 2002, the Arizona Court of Appeals denied Petitioner's claim and affirmed his convictions and sentences. (Respondents' Exh. F) On August 7, 2002 and September 13, 2002, Petitioner filed motions for reconsideration of the Arizona Court of Appeals' decision. (Respondents' Exhs. G, H) On April 23, 2003, the appellate court denied both motions. (Respondents' Exh. I) On May 22, 2003, the order and mandate issued. (Respondents' Exh. J)

On June 9, 2003, Petitioner filed a motion to stay the issuance of the mandate. (Respondents' Exh. K) On June 30, 2003, the Court of Appeals denied the motion. (Respondents' Exh. L) On July 24, 2003, Petitioner filed a second motion to stay the issuance of the mandate which the Court of Appeals denied on August 4, 2003. (Respondents' Exh. N)

On July 29, 2003, Petitioner filed a notice of post-conviction relief in the trial court. (Respondents' Exh. O) On June 28, 2004, post-conviction counsel advised the court that he could find no issues to raise in a petition pursuant to Ariz.R.Crim.P. 32 and, therefore, would not file a petition for post-conviction relief. (Respondents' Exh. P) Counsel obtained an extension of time for Petitioner to file a *pro per* petition. (Respondents' Exh. P) On July 2, 2004, the trial court issued an order stating that it had received counsel's notice and ordering that counsel "remain in an advisory capacity for the defendant until a final determination is made by the trial court regarding any post-conviction relief proceedings, pursuant to Rule 32.4(c)(2), Arizona Rules of Criminal Procedure." (Respondents' Exh. Q) The trial court granted Petitioner until August 13, 2004 to file a *pro per* petition for post-conviction relief. (Respondents' Exh. Q)

After the August 13, 2004 deadline expired, on August 26, 2004, Petitioner filed a motion for extension of time to file his petition for post-conviction relief. (Respondents' Exh.

R) On August 31, 2004, the trial court dismissed Petitioner's Rule 32 proceedings because Petitioner did not file a petition within the deadline. (Respondents' Exh. S)

On August 30, 2005, Petitioner filed a petition for post-conviction relief claiming that he was denied effective assistance of counsel. (Respondents' Exh. T) Petitioner, however, did not describe counsel's allegedly deficient performance. On September 15, 2005, the trial court dismissed the petition as precluded because Petitioner's claim either was, or should have been, raised in the first Rule 32 proceeding. (Respondents' Exh. U)

Thereafter, on October 5, 2005, Petitioner filed the pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, raising the following claims:

> 1. Petitioner's Fifth and Sixth Amendment rights were violated by the State's failure to file a timely grand jury indictment.
>
> 2. Petitioner was denied effective assistance of counsel because trial counsel failed to seek an extension of time to conduct a presentence investigation.
>
> 3. The trial court abused its discretion in violation of the Sixth Amendment when it (a) refused to dismiss jurors who indicated that they would assign more weight to statements of police officers than to Petitioner's statements; (b) denied Petitioner's request for a six-man lineup; (c) denied Petitioner's request for additional time to produce alibi witnesses; (d) denied Petitioner's request to discover the name of the inmate who could have testified to the tainted in-court identification; and (e) denied Petitioner's motion for expert witnesses.
>
> 4. Petitioner's Fifth Amendment rights were violated when the State failed to disclose favorable evidence in a timely manner.
>
> 5. Petitioner's Sixth Amendment right to the effective assistance of counsel was violated when trial counsel (a) refused to call a medical expert to testify that Petitioner could not have held a weapon in his right hand, (b) failed to adequately cross-examine the State's witnesses, (c) failed to visit the scene of the crime and to investigate, (d) failed to thoroughly investigate Petitioner's eye-sight problems.
>
> 6. Petitioner's Fifth and Fourteenth Amendment rights were violated because he was the subject of suggestive pretrial identification procedures.

(docket # 5)

Respondents assert that the Petition is untimely or, alternatively, that Petitioner's claims are procedurally barred. Petitioner argues that his claims are properly before this Court.

## STATUTE OF LIMITATIONS

- 3 -

As set forth more fully below, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for state prisoners seeking federal habeas relief. 28 U.S.C. § 2244(d)(1). Because Petitioner filed his petition after the effective date of the AEDPA, § 2244(d)(1) applies.

**I. Timeliness under the AEDPA**

Title 28 U.S.C. § 2244 provides, in pertinent part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is tolled for the time period during which a properly filed application for post-conviction relief or other collateral review is pending in the state court. 28 U.S.C. § 2244(d)(2). This time period includes the intervals between the disposition of an appeal or post-conviction petition and the filing of an appeal or successive petition at the next state appellate level. Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Section 2244(d)(1)(A) does not define "final by the conclusion of direct review." However, the Supreme Court has explained that "by 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for writ of certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987) (quoting United States v. Johnson, 457 U.S. 537, 542 n.8 (1982)).

In this case, on July 23, 2002, the Arizona Court of Appeals affirmed Petitioner's convictions on direct appeal. On August 7, 2002 and September 13, 2002, Petitioner filed motions for reconsideration. (Respondents' Exh. G, H) On April 23, 2003, the Arizona Court of Appeals denied Petitioner's motions for reconsideration of its order denying Petitioner's direct appeal. (Respondents' Exh. I) Petitioner claims that he filed a motion for extension of time to

- 4 -

file a petition for review in the Arizona Supreme Court. However, no such motion appears in the record. (Respondents' Exh. V)

Petitioner's conviction became final on April 23, 2003, when his motions for reconsideration were denied. Accordingly, the AEDPA limitations period commenced on April 24, 2003 and expired on April 24, 2004. Petitioner did not file his pending § 2254 Petition until October 5, 2005. Because Petitioner filed his § 2254 petition after the AEDPA limitations period expired, it is untimely unless Petitoner establishes a basis for tolling.

**II. Tolling the Limitations Period**

In view of Petitioner's untimely filing, the Court will consider whether there is a basis for tolling the AEDPA limitations period.

**A. Statutory Tolling**

The AEDPA's limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 220-21 (2002). In this case, the AEDPA limitations period commenced on April 24, 2003. Thereafter, Petitioner filed motions to stay the mandate on June 9, 2003 and July 23, 2003. The Arizona Court of Appeals denied both motions in orders dated June 30, 2003 and August 4, 2003, respectively. Because a motion to stay the issuance of the mandate does not constitute a "properly filed application for post-conviction or other collateral review," Petitioner's two motions to stay the mandate do not toll the AEDPA limitations period. 28 U.S.C. § 2244(d)(2). Direct review of the petitioner's conviction for purposes of the AEDPA was terminated by the Arizona Court of Appeals' decision and not by its mandate. White v. Klitzkie, 281 F.3d 920, 923-24 n. 4 (9th Cir.2002) ("White argues that the Supreme Court's of Guam's decision was not final [for purposes of the AEDPA's limitations period] until the mandate was entered. . . . However, it is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of review.").

Thus, the limitations period ran from April 24, 2003 until July 29, 2003 (96 days), when Petitioner filed a notice of post-conviction relief in the trial court. The limitations period was tolled until Petitioner's petition for post-conviction relief was dismissed on August 31, 2004. The limitations period began to run again on September 1, 2004 which left Petitioner until May 27, 2005 (365 - 96 = 269 days) to file a federal petition for writ of habeas corpus. Petitioner, however, did not file a federal petition for writ of habeas corpus until after the limitations period had expired.

After the May 27, 2005 expiration of the ADEPA limitations period, Petitioner filed a second petition for post-conviction relief on August 30, 2005. The August 30, 2005 petition for post-conviction relief does not toll the AEDPA limitations period because it was filed after the expiration of that time period. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)(stating that once the ADEPA limitations period expires, a petitioner cannot restart that period by filing a state action for post-conviction relief.); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2003)(noting that AEDPA limitations period expired before petitioner filed petition for post-conviction relief.)

The AEDPA limitations period expired on May 27, 2005, therefore, absent equitable tolling, the October 5, 2005 Petition should be dismissed as untimely.

**B. Equitable Tolling**

The § 2244(d) limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. Malcom v. Payne, 281 F.3d 951, 962 (9th Cir. 2002). Equitable tolling is only appropriate when "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. . . ." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999). The petitioner bears the burden of proving that he is entitled to equitable tolling. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Tolling is appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Id. Tolling, however, is not available in most cases and is not available here. Miranda v. Castro, 292 F.3d 1063, 1066 (9th

- 6 -

Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citation omitted).

In his reply, Petitioner states that his lack of knowledge of criminal procedure and the law should excuse his untimely filing. (docket # 21) He further contends that prison conditions including limited access to legal materials constitute extraordinary circumstances that warrant tolling the statute of limitations. Finally, Petitioner claims that he received ineffective assistance of counsel on post-conviction review.

None of Petitioner's arguments establishes a basis for equitable tolling. Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001) (per curiam) (requiring petitioner to show that "extraordinary circumstances" were the "but-for and proximate cause of his untimeliness."). First, Petitioner's lack of familiarity with the law does not warrant tolling the limitations period. Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999)(neither's petitioner's unfamiliarity with the legal process due to his illiteracy nor his lack of representation during applicable filing period merits equitable tolling); Hughes v. Idaho State Bd. of Corrs., 800 F.2d 905, 909 (9th Cir. 1986) (finding that a *pro se* prisoner's illiteracy was not sufficient to satisfy the standard of an objective, external factor amounting to "cause" for purposes of avoiding the procedural bar on his habeas claim); Reid v. Lambert, No. Civ. 02-848-AS, 2004 WL 1305249, * 3 (D.Or, March 29, 2004); Felder v. Johnson, 204 F.3d 168, 172-73 & n. 10 (5th Cir. 2000)(mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period).

Second, Petitioner's status as a prison inmate and the everyday difficulties inherent in prison life do not constitute extraordinary circumstances that warrant tolling the one-year limitations period. Jihad v. Hvass, 267 F.3d 803, 806–07 (8th Cir. 2001) (stating that prisoner's lack of access to a transcript did not preclude the timely commencement of post-conviction proceedings and, therefore, did not warrant equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding that delays caused by prison inmate law clerk and law library closures do not justify equitable tolling).

Petitioner also contends that he received ineffective assistance of counsel during state post-conviction review. Petitioner is not entitled to counsel on state post-conviction review, accordingly, post-conviction counsel's alleged ineffective assistance does not warrant equitable tolling. Poland v. Stewart, 169 F.3d 573, 588 (9th Cir. 1998)(stating that because there is no constitutional right to counsel in state collateral review proceedings, there is no constitutional right to effective assistance of counsel on collateral review, and alleged ineffectiveness cannot constitute cause for default).

In conclusion, because Petitioner filed the pending Petition after the expiration of the limitations period and has failed to present any basis for equitable tolling, the Court should dismiss the pending Petition as untimely. In the alternative, Petitioner's Petition should be dismissed for failure to exhaust state remedies as discussed below.

**III.  Exhaustion**

Under 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's application for habeas relief, the prisoner must have exhausted, in state court, every claim raised in his petition. Coleman v. Thompson, 501 U.S. 722, 731 (1991). To properly exhaust state remedies, the prisoner must have afforded the state courts the opportunity to rule upon the merits of his federal constitutional claim by "fairly presenting" the claim to the state courts in a procedurally appropriate manner. Castille v. Peoples, 489 U.S. 346, 349 (1989). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004).

It is not enough that all the facts necessary to support the federal claim were before the state court or that a "somewhat similar" state law claim was raised. Reese, 541 U.S. at 29. (stating that a reference to ineffective assistance of counsel does not alert the court to federal nature of the claim.) The habeas petitioner must cite in state court to the specific constitutional guarantee upon which he bases his claim in federal court. Tamalini v. Stewart, 249 F.3d 895, 898 (9th Cir. 2001). General appeals to broad constitutional principles, such as due process,

- 8 -

equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim. Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000)(insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial.") Similarly, a mere reference to the "Constitution of the United States" does not preserve a federal claim. Gray v. Netherland, 518 U.S. 152, 162-63 (1996). Even if the basis of a federal claim is "self-evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts . . . ." Lyons, 232, F.3d at 668. A state prisoner does not fairly present a claim to the state court if the court must read beyond the petition or brief filed in that court. Reese, 541 U.S. 27.

Where a prisoner fails to "fairly present" a claim to the State courts in a procedurally appropriate manner, state court remedies may, nonetheless be "exhausted." This type of exhaustion is often referred to as "procedural default" or "procedural bar." Ylst v. Nunnemaker, 501 U.S. 797, 802-05 (1991); Coleman, 501 U.S. at 731-32. There are two categories of procedural default.

First, a state court may have applied a procedural bar when the prisoner attempted to raise the claim in state court. Nummemaker, 501 U.S. at 802-05. If the state court also addressed the merits of the underlying federal claim, the "alternative" ruling does not vitiate the independent state procedural bar. Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989); Carringer v. Lewis, 971 F.2d 329, 333 (9th Cir. 1992)(state supreme court found ineffective assistance of counsel claims "barred under state law," but also discussed and rejected the claims on the merits, en banc court held that the "on-the-merits" discussion was an "alternative ruling" and the claims were procedurally defaulted and barred from federal review.) A higher court's subsequent summary denial of review affirms the lower court's application of a procedural bar. Nunnemaker, 501 U.S. at 803.

Second, the state prisoner may not have presented the claim to the state courts, but pursuant to the state courts' procedural rules, a return to state court would be "futile." Teague v. Lane, 489 U.S. 288, 297-99 (1989). Any claim not previously presented to the Arizona courts is procedurally barred from federal review because any attempt to return to state court to properly exhaust a current habeas claim would be "futile." Ariz. R. Crim. P. 32.1, 32.2(a) & (b); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002); State v. Mata, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3)(relief is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a), Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time barred. Beaty, 303 F.3d at 987; Moreno v. Gonzalez, 116 F.3d 409, 410 (9th Cir. 1997)(recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

In either case of procedural default, federal review of the claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." Dretke v. Haley, 541 U.S. 386, 393-94(2004); Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish cause, a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. Murray v. Carrier, 477 U.S. 478, 488 (1986). The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. Murray, 477 U.S. at 488. To establish prejudice, a prisoner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." United States v. Frady, 456 U.S. 152, 170 (1982). Where petitioner fails to establish cause, the court need not reach the prejudice prong.

To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no

reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. Schlup v. Delo, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

Here, Petitioner did not present any of his claims to the State court of appeals either on direct appeal or on post-conviction review.[2] The only issue which Petitioner presented to the Arizona Court of Appeals was a claim on direct appeal that he was denied the right to self-representation and allocution at sentencing. (Respondents' Exh. E) Petitioner does not raise those claims in the present proceeding. In his second petition for post-conviction relief, Petitioner argued that the issues raised in his Rule 32 petition were not finally decided or raised previously because of counsel's ineffective assistance. (Respondents' Exh. T) Petitioner, however, did not elaborate on his claim of ineffective assistance. On September 15, 2005, the trial court dismissed the petition as untimely and found that Petitioner's claim of ineffective assistance of counsel was precluded pursuant to Ariz.R.Crim.P. 32.2(a) because it "either was or should have been raised in the first Rule 32 proceeding." (Respondents' Exh. U) Petitioner did not seek appellate review of the denial of his petition for post-conviction relief.

Petitioner never presented the claims which he raises in the pending § 2254 Petition to the state court of appeals, and therefore, has procedurally defaulted on his claims. Claims that are procedurally barred from federal habeas review may warrant review on the merits if petitioner demonstrates: (1) cause for the default and actual prejudice; or (2) that failing to review the claims "will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 724. To establish cause for the default, a petitioner must establish that "some objective factor external to the defense impeded [his efforts] to comply with the State's procedural rule."

---

[2] Petitioner claims that he presented Ground 1 of his petition in a special action petition in state court. (docket # 1 at 5) The Arizona Supreme Court docket sheet reflects that Petitioner filed a special action petition on October 22, 2001 and was denied on February 28, 2002. (Respondents' Exh. Y) A special action petition is not a "properly filed application for post-conviction review or other collateral review." Castille, 489 U.S. at 351 (finding that petitioner had not fairly presented his claims when it was presented for the first time in a procedural context in which the merits would not be considered unless there are special and important reasons therefore.) Presenting a claim in a special action petition to the Arizona Supreme Court does not constitute fair presentation.

Murray v. Carrier, 477 U.S. 478, 488 (1986). Prejudice is proved by demonstrating that the alleged constitutional violation "worked to [a petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). Cause and prejudice are conjunctive requirements; where a petitioner fails to establish cause for his procedural default, the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. Smith v. Murray, 477 U.S. 527, 533 (1986).

The "fundamental miscarriage of justice" exception applies only when a constitutional violation probably has resulted in the conviction of one actually innocent of a crime. Casey v. Moore, 386 F.3d 896, 921 n. 27 (9th Cir. 2004). To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. Schlup v. Delo, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B); Calderon v. Thompson, 523 U.S. 538, 559 (1998) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence. . . . Given the rarity of [reliable] evidence [of actual innocence], in virtually every case, the allegation of actual innocence has been summarily rejected.") (internal quotation marks and citations omitted).

Petitioner claims that he failed to present Grounds 1, 2, 3, 4 and 6 of his petition to the State court because appellate counsel and post-conviction counsel failed to pursue those claims. Petitioner, however, cannot assert ineffective assistance as cause for his procedural default because he did not properly exhaust a claim of ineffective assistance of counsel in state court. Edwards v. Carpenter, 529 U.S. 446, 451-53 (2000); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988)(stating that to the extent that petitioner alleges ineffective assistance as cause for the default, the exhaustion doctrine requires him to first raise this ineffectiveness claim as a separate claim in state court.) Additionally, because Petitioner has no right to counsel on post-conviction review, he cannot blame post-conviction counsel for his failure to raise his

claims during those proceedings. Poland v. Stewart, 169 F.3d 573, 588 (9th Cir. 1998)(stating that because there is no constitutional right to counsel in state collateral review proceedings, there is no constitutional right to effective assistance of counsel on collateral review, and alleged ineffectiveness cannot constitute cause for default).

Because Petitioner has failed to establish cause for his procedural default, the Court need not examine the existence of prejudice from the alleged violation of federal law. Nor has Petitioner shown that his claims require federal review to prevent a fundamental miscarriage of justice. The fundamental miscarriage of justice exception applies only when a petitioner establishes "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327. Here, Petitioner has not established that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. Id. The fundamental miscarriage of justice exception does not apply in this case and a miscarriage of justice would not result from upholding the procedural bar.

In accordance with the foregoing,

IT IS HEREBY RECOMMENDED that Petitioner's Amended Petition for Writ of Habeas Corpus (docket # 5) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

1   Failure timely to file objections to any factual determinations of the Magistrate
2 Judge will be considered a waiver of a party's right to appellate review of the findings of fact
3 in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule
4 72, Federal Rules of Civil Procedure.

DATED this 7th day of September, 2006.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge