IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Earl Tyrone Pollard,           )<br>                                        )<br>        Petitioner,            )<br>                                        )<br>vs.                                 )<br>                                        )<br>Dora Schriro, et al.,         )<br>                                        )<br>        Respondents.       )<br>_____) | No. 05-3115-PHX-ROS<br><br>**ORDER** |

On September 7, 2006, Magistrate Judge Lawrence O. Anderson issued a Report and Recommendation ("R&R") recommending that Petitioner's Amended Petition for Writ of Habeas Corpus be denied. (Doc. 22) On September 20, 2006, Petitioner filed objections to the R&R. (Doc. 23) For the following reasons, the R&R will be adopted and the Amended Petition for Writ of Habeas Corpus will be denied.

After a Magistrate Judge submits a R&R, the parties have ten days in which to file any objections. 28 U.S.C. § 636(b)(1). The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. After evaluating the Magistrate Judge's R&R, as well as the objections filed by either party, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

1  The Court agrees with the Magistrate Judge's finding that the amended petition was
2  not timely filed. Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996,
3  there is a one-year limitations period for state prisoners seeking federal habeas relief. 28
4  U.S.C. § 2244(d)(1). As recounted in the R&R, Petitioner's convictions became final on
5  April 23, 2002 but his petition was not filed until October 5, 2005 (the amended petition was
6  filed November 25, 2005). Thus, the amended petition is untimely absent either statutory or
7  equitable tolling. In his objections to the R&R, Plaintiff apparently believes he is entitled
8  to both forms of tolling.

9  Statutory tolling applies while an "application for State post-conviction" relief is
10 pending. 28 U.S.C. § 2244(d)(2). Petitioner asserts that he never received notice of the
11 disposition of certain post-conviction motions filed in the trial court in 2001, meaning the
12 limitations period never began to run. But the record shows Petitioner was aware that his
13 conviction had been affirmed by the appellate court in 2003 and that Petitioner filed
14 subsequent post-conviction motions in the trial court. No applications for post-conviction
15 relief were pending for well over a year after Petitioner's conviction became final. Statutory
16 tolling does not apply.

17 Equitable tolling applies when the delay in filing the petition for writ of habeas corpus
18 was due to factors other than a petitioner's lack of diligence. Petitioner claims he did not
19 have adequate access to legal assistance or a law library. The Magistrate Judge correctly
20 concluded that such allegations are insufficient to establish equitable tolling.

21 Neither statutory nor equitable tolling applies in this case. Thus, the Magistrate's
22 recommendation that the petition for writ of habeas corpus be denied as untimely will be
23 adopted.

24 Accordingly,

25 **IT IS ORDERED** the Magistrate Judge's R&R (Doc. 22) is **ADOPTED** and this case
26 is **DISMISSED WITH PREJUDICE**.

27
28

1        DATED this 6th day of December, 2006.

2

3

4

5                        Roslyn O. Silver
6                        United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28